# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF SOUTH CAROLINA
# CHARLESTON DIVISION

| | |
|---|---|
| Jamie Bare Pickhardt,                )<br>                                                       )<br>                                                       )    Civil Action No.: 2:20-cv-00779-JMC<br>                        Plaintiff,         )<br>                                                       )<br>          v.                                          )    **ORDER**<br>                                                       )<br>                                                       )<br>Andrew M. Saul, Commissioner of Social )<br>Security Administration,              )<br>                                                       )<br>                        Defendant.       )<br>_____)| |

This matter is before the court for review of the Magistrate Judge's Report and Recommendation ("Report"). (ECF No. 21.) The Report addresses Plaintiff's claim for Disability Insurance Benefits ("DIB"). (*Id.* at 1.) The Report recommends that the court reverse the decision of the Commissioner of Social Security Administration ("Commissioner") and remand the matter for further administrative proceedings. (*Id.* at 14.) For the reasons stated herein, the court **ACCEPTS** the Report, **REVERSES** the decision of the Commissioner, and **REMANDS** the action for additional administrative proceedings.

## I. FACTUAL AND PROCEDURAL BACKGROUND

The Report sets forth the relevant facts and legal standards, which this court incorporates herein without a full recitation. (*Id.* at 1-4.) As brief background, in December 2015, the Administrative Law Judge ("ALJ") determined Plaintiff was not disabled for purposes of the Social Security Act ("the Act") and denied Plaintiff's claim for DIB. (*See* ECF No. 9-2 at 21-40.) The ALJ determined Plaintiff had the severe impairments of "abdominal pain status-post pancreas surgeries, chronic pancreatitis, inflammatory bowel disease, . . . constipation/gastroparesis,

1

gastroesophageal reflux disease, . . . eosinophilic esophagitis, . . . anxiety disorder, affective disorder, allergic rhinitis, and asthma[.]" (*Id.* at 23.) Yet the ALJ found Plaintiff had the RFC "to perform sedentary work . . . with some additional non-exertional limitations." (*Id.* at 26.)

Thereafter the Appeals Council ("the Council") denied Plaintiff's request for review. (*Id.* at 2-4.) Thus, the ALJ's decision became the final decision of the Commissioner. (*Id.*) *See also Meyer v. Astrue*, 662 F.3d 700, 704 (4th Cir. 2011) (stating an ALJ's decision was the final decision of the Commissioner when the Council denied a request for review); *Higginbotham v. Barnhart*, 405 F.3d 332, 336 (5th Cir. 2005) (holding the Commissioner's "final decision" includes when the Council denies a request for review). Plaintiff filed the instant action in February 2020. (ECF No. 1.)

Subsequently, the Magistrate Judge issued the Report suggesting this case be reversed and remanded. (*See* ECF No. 21.) In particular, the Magistrate Judge explained that, although Plaintiff initially described her lifestyle as "sedentary" during her testimony, Plaintiff's subsequent clarification that she "mostly la[id] in bed and avoided sitting in a chair upright . . . d[id] not match the level of activity required to perform sedentary work; namely, sitting for at least six hours in an eight-hour workday." (*Id.* at 11-12 (citation and internal marks omitted).) The Magistrate Judge determined the ALJ simply "did not give any indication that he considered the full context of Plaintiff's testimony regarding her 'sedentary life.' Rather, the ALJ appeared to equate Plaintiff's reference to living a 'sedentary life' to an acknowledgement of her ability to perform sedentary work." (*Id.* at 12.)

The Magistrate Judge also emphasized that Dr. James Schnell and Dr. JoAnn Hiott, two of Plaintiff's treating physicians that were discounted by the ALJ, supported Plaintiff's testimony. (*Id.* at 13.) The Magistrate Judge enumerated that treating physician opinions must be afforded

controlling weight unless they are contradicted by evidence in the record or "based on medically unacceptable clinical or laboratory diagnostic techniques." (*Id.* at 9-10.) Because it was "unclear whether the ALJ meaningfully considered" the actual substance of Plaintiff's testimony when discounting both treating physicians due in part to inconsistencies in the record, the Magistrate Judge could not "find [the ALJ's] decision [wa]s supported by substantial evidence." (*Id.* at 13.) Lastly, the ALJ declined to address any remaining contentions of error because "they may be rendered moot on remand." (*Id.* at 14.)

The parties were apprised of their opportunity to file specific objections to the Report. (*Id.* at 15.) In May 2021, the Commissioner informed the court he would not offer objections. (ECF No. 22.) Plaintiff has similarly not objected to the Report.

## II. STANDARD OF REVIEW

The Magistrate Judge's Report is made in accordance with 28 U.S.C. § 636(b)(1) and Local Civil Rule 73.02 for the District of South Carolina. The Magistrate Judge only makes a recommendation to this court, and the recommendation has no presumptive weight. *See Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). The responsibility to make a final determination remains with the court. *Id.* at 271. As such, the court is charged with making *de novo* determinations of those portions of the Report and Recommendation to which specific objections are made. *See* 28 U.S.C. § 636(b)(1); *see also* FED. R. CIV. P. 72(b)(3). If no party offers specific objections to the Magistrate Judge's Report, the court is not required to give any explanation for adopting the Report. *See Camby v. Davis*, 718 F.2d 198, 199 (4th Cir. 1983). Rather, "in the absence of a timely filed objection, a district court need not conduct a *de novo* review, but instead must only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (emphasis added)

(quoting Fed. R. Civ. P. 72 advisory committee's note). Furthermore, a failure to file specific, written objections to the Report results in a party's waiver of the right to appeal from the judgment of the court based upon such recommendation. 28 U.S.C. § 636(b)(1). Thus, the court may accept, reject, or modify, in whole or in part, the Magistrate Judge's recommendation or recommit the matter with instructions. *Id.*

### III. DISCUSSION

Here, the court has carefully examined the findings of the Report and concludes the ALJ's decision was not supported by substantial evidence. (ECF No. 21 at 6-14.) The Commissioner notified the court he will not file objections (ECF No. 22) and Plaintiff has likewise offered no objections. The court discerns no clear error on the face of the Report. Accordingly, the court adopts the Report herein.

### IV. CONCLUSION

After a thorough review of the Report and the record in this case, the court **ACCEPTS** the Magistrate Judge's Report and Recommendation (ECF No. 21) and incorporates it herein. Therefore, the decision of the Commissioner of Social Security Administration is **REVERSED**, and this case is **REMANDED** for further administrative action pursuant to sentence four of 42 U.S.C. § 405(g).

**IT IS SO ORDERED.**

*J. Michelle Childs*
United States District Judge

June 8, 2021
Columbia, South Carolina